**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

September 8, 2026

BY ECF

The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re: S*ergio Quintero Meza v. Kenneth Genalo, et al.*,
26 Civ. 7214 (VSB)

Dear Judge Broderick:

This Office represents the government in the above-referenced immigration habeas corpus case. We write respectfully to advise the Court of the status of this matter and to provide a copy of the transcript of a bond hearing that was held for the Petitioner, Sergio Quintero Meza ("Petitioner").

Pursuant to the Court's August 26, 2026 Order (ECF No. 5), we are enclosing a copy of the transcript of the bond hearing held for Petitioner. As directed by the Court's Order, the government bore the burden of proving by clear and convincing evidence that detention was authorized. In addition, the Immigration Judge ("IJ") handling the matter considered alternatives to continued detention. By order dated August 28, 2026, the IJ denied bond and determined that the Department of Homeland Security had met its burden by showing that Petitioner is a flight risk for which no amount of bond or alternative to detention can mitigate. IJ Order Enclosed.

Petitioner is now represented by counsel. On September 4, 2026, Petitioner and his attorney appeared before an IJ. At this hearing, Petitioner made an application for voluntary departure[1] in lieu of removal; Petitioner also waived appeal of any outstanding issues. Order of

[1] Voluntary Departure is a discretionary form of relief that allows an individual, who is otherwise removable, to depart the United States at his own expense within a designated amount of time in lieu of being subject to a final order of removal. The burden is on the individual to provide his own travel document to leave the United States. Once a travel document has been provided and the relevant travel arrangements have been made, U.S. Immigration and Customs Enforcement ("ICE") will assist the individual in departing the United States by transporting the individual to a commercial airport or to a land port of entry, whichever is appropriate. Failing to depart the United States within the given window of a voluntary departure grant, or failure to comply with the requirements contained within that order, will result in the order granting voluntary departure becoming a final order of removal.

the Immigration Judge dated September 4, 2026 (copy enclosed). By her order, the IJ granted Petitioner's application for a pre-conclusion voluntary departure [2] under Immigration and Nationality Act § 240B(a) [8 U.S.C. § 1229c] in lieu of removal. *Id.* The IJ also noted that the grant of Petitioner's application was "under safeguards;" meaning that Petitioner would remain in ICE custody until he departs the United States for Mexico. *Id.*; *see Matter of M-A-S-*, 24 I. & N. Dec. 762, 766 (BIA 2009) ("the term 'voluntary departure with safeguards' is commonly used to characterize the requirement that an alien remain in custody until he or she departs from the United States"). Per the IJ's order, Petitioner has until October 5, 2026, to complete the voluntary departure process. *Id.*

The foregoing factual developments in this case, including Petitioner's request for voluntary departure, largely scuttles the habeas petition before the Court. At this time, Petitioner is detained to facilitate his timely departure under the terms of the voluntary departure order he requested and the IJ granted. Thus, given this development, the Court should deny the petition, as the IJ granted Petitioner voluntary departure with the express provision that he be detained by ICE until his departure from the United States.

The government's request should not run afoul of the Court's order enjoining Petitioner's removal from the United States (because ICE is not effectuating his removal). But to the extent it could fall within the prohibited conduct, the government respectfully requests that the Court vacate that injunction so that ICE may assist Petitioner in timely departing the United States pursuant to his voluntary departure order.[3]

We thank the Court for its consideration of this case.

Respectfully,

JAMES M. MCDONALD
United States Attorney

By: ___s/ *John E. Gura, Jr.*___
JOHN E. GURA, Jr.
Assistant United States Attorney
Telephone: (212) 637-2712
E-mail: john.gura@usdoj.gov

Encls.

---

[2] The Supreme Court has explained that voluntary departure represents a "*quid pro quo*" between the government and the noncitizen, under which "the alien's agreement to leave voluntarily expedites the departure process and avoids the expense of deportation," among other things, and the alien benefits by "avoid[ing] extended detention pending completion of travel arrangements," "sidestep[ping] some of the penalties attendant to deportation," and "facilitate[ing[the possibility of readmission," among other things. *Dada v. Mukasey*, 554 U.S. 1, 11 (2008).

[3] ICE advised this Office that Petitioner would be placed on a commercial flight if the travel injunction is removed.

cc: Petitioner pro se (by mail)
Ilkana Garayeva, Esq. (By email)

The hearing currently scheduled for September 11, 2026 at 2:00 p.m. is hereby adjourned until September 17, 2026 at 11:00 a.m. to provide Petitioner and his attorney with time to confirm that he is no longer seeking habeas relief. The injunction will remain in place until Petitioner provides such confirmation.

**SO ORDERED:** 9/10/2026

Vernon Broderick

HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE