UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SERGIO QUINTERO MEZA, Petitioner, -against- KENNETH GENALO, *et al.*, Respondents. | : | 26-CV-7214 (VSB) **ORDER** |

VERNON S. BRODERICK, United States District Judge:

Today at 11:00 a.m. ET, I held an in-person hearing on Petitioner Sergio Quintero Meza's habeas petition. (Doc. 1.) Petitioner was produced for this hearing. In accordance with my comments at the hearing, I require the following initial supplemental submissions be filed:

- By Monday, September 21, 2026 the Government shall confirm that, if I grant the habeas petition, the voluntary departure order signed by Immigration Judge Maria Akalski, (*see* Doc. 11-3), will remain in place. The Government shall also set forth its position on whether the October 5, 2026 deadline in the voluntary departure order can be extended and whether Petitioner's flight to Mexico would be paid for by the Government as part of the voluntary departure order, irrespective of my ruling on the habeas petition.
- By Tuesday, September 22, 2026, or as soon as practicable, the Government shall transmit the body worn camera footage from Petitioner's arrest to me for in camera review.
- By Wednesday, September 23, 2026, Ilkana Garayeva and Alex Berd shall submit declarations regarding: (1) how they came to be retained by Petitioner; (2) the scope of their representation; (3) if the representation does not cover the habeas proceeding, whether they consent to represent Petitioner in this habeas proceeding; (4) where and when they met with Petitioner's brother in advance of the September 4, 2026 master calendar hearing, who else was present during that meeting, and the substance of what was discussed during that meeting; (5) where and when they met with Petitioner in advance of the September 4, 2026 master calendar hearing, who else was present during any such meeting, whether there was an interpreter available and used during any such meeting, and what was the substance of what was discussed during any such meeting, including any discussion relating to Petitioner's consideration and/or agreement to voluntarily leave the United States; (6) whether an interpreter was available and used during the September 4, 2026 master calendar hearing to communicate between Ms.

Garayeva and Petitioner, and the substance of what was conveyed to Petitioner, including any discussion relating to Petitioner's consideration and/or agreement to voluntarily leave the United States; (7) whether or not Petitioner agreed to voluntarily leave the United States, attaching, if possible, a declaration from Petitioner; and (8) any other context they would like to provide. I may require Ms. Garayeva and Mr. Berd to be physically present at any future proceedings in this matter. A copy of this order will be sent by email to Ms. Garayeva and Mr. Berd. To the extent that the declarations contain information that Ms. Garayeva and Mr. Berd believe to be privileged they may submit their declarations ex parte and under seal.

- By Friday, September 25, 2026, the Government shall submit a supplemental declaration from Officer Brenden Cuni indicating: (1) at what time Officer Cuni and other members of the team began their surveillance at 367 Lake Avenue, Staten Island, New York; (2) whether Petitioner at 1881 Forest Avenue, Staten Island, New York was visible from the location of their surveillance at 367 Lake Avenue, Staten Island, New York, and, if not, what caused the agents on the scene to leave their surveillance at 367 Lake Avenue and go to 1881 Forest Avenue; (3) whether the field agents had any reason in advance of their encounter with Petitioner to believe that Petitioner had any information about the object of their surveillance; (4) whether Petitioner volunteered the information that he was born in Mexico or if he provided that information in response to question(s) by Officer Cuni or other officers in the team; (5) what formed the basis of the "reasonable suspicion that Petitioner may be inadmissible and present in the United States in violation of the Immigration and Nationality Act ('INA')," (Doc. 8 at 2); (6) whether Petitioner was restrained by ICE at any time between the agency's initial encounter with Petitioner at 2:22 p.m. ET and the time of Petitioner's arrest at 3:12 p.m. ET or whether Petitioner was free to leave the scene of the encounter, and, if not, at what point Petitioner was made not free to leave; (7) what translation services were used when the agency filled out the *Velasca* worksheet; and (8) any other context the officer would like to provide with regard to the "encounter" with Petitioner and Petitioner's detention and arrest. I may require Officer Cuni to be physically present at any future proceedings in this matter.

Dated: September 17, 2026
New York, New York

Vernon S. Broderick
United States District Judge